86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
G.W. RENNELS, Petitioner-Appellant,
v.
Robert G. BORG; Butte County Superior Court; Ann H.
Rutherford, Honorable; Teresa Rocha, Warden,
Respondents-Appellees.
 No. 95-16858.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 G.W. Rennels, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Rennels was sentenced to eighteen years to life for the second-degree murder of his girlfriend, Teresa Smart. We have jurisdiction under 28 U.S.C. § 2253. We accept the district court's factual findings unless clearly erroneous, and review its conclusions of law de novo. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993).
 
 
 3
 Rennels conceded before trial that he killed Smart, but he argues that the evidence was insufficient to show the intent necessary to support a conviction of second-degree murder. He claims, furthermore, that evidence from his first trial, which resulted in a conviction that was later overturned, should be considered in answering the sufficiency question. Finally, he argues the trial court erred by refusing to give his proffered instruction on heat of passion.
 
 
 4
 Without deciding whether the challenge to the sufficiency of the evidence is procedurally barred, we deny each claim on its merits for the reasons set forth in the Magistrate's Findings and Recommendation.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal